UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

TEW LP                                                                                    CASE NO. 20-51079
                                                                                                      CHAPTER 11

DEBTOR IN POSSESSION

---

**MOTION FOR APPROVAL OF SETTLEMENT PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

Comes Tew LP (the "Debtor"), by counsel, and pursuant to Fed. R. Bankr. P. 9019 respectfully moves the Court for approval of a settlement with Skatteforvaltningen, the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes ("SKAT") (the "Motion"). A copy of the proposed settlement agreement (the "Settlement Agreement") is attached hereto as Exhibit A.

This Motion is made pursuant to Federal Rule of Bankruptcy Procedure 9019 and is based on the points and authorities listed herein, the pleadings, papers, and other records on file with the clerk of the Court, judicial notice of which is hereby respectfully requested, and any argument or evidence to be presented at the time of the hearing of the Motion.

**JURISDICTION AND BACKGROUND**

    A.    **The Bankruptcy Case**

1. On July 23, 2020 (the "Petition Date"), the Debtors filed with this Court a voluntary petition [ECF No. 1] for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b) (2)(A),(B) and (O).

1

3.  Debtor is a Kentucky limited partnership which maintains its principal business location in Woodford County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4.  Charity Bird was appointed as Subchapter V Trustee on July 24, 2020 [ECF No. 11] and has continued to serve in that capacity.

5.  On October 217, 2020, the Debtor filed its Subchapter V Small Business Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code (the "Plan") [ECF No. 46]. Numerous objections to confirmation of the Plan were lodged [ECF Nos. 54, 56, 58]. The Court held preliminary confirmation hearings on December 2, 2020 and January 27, 2021 and a continued hearing is currently scheduled for June 23, 2021.

**B.    The SKAT claims.**

6.  SKAT has filed an unsecured claim in the Debtors' case: Claim No. 12 in the amount of $2,425,000.00. The SKAT Claim arises from a lawsuit naming the Tew LP Retirement Plan as a defendant. The SKAT lawsuit are currently consolidated (along with many others) as *In re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, Case No. 18-md-02865 (LAK) in the United States District Court for the Southern District of New York (the "MDL Suit").

7.  The Debtors Plan classifies the SKAT Claims as an Unsecured Claim in Class 7, although the Plan preserves the right to object to any claim and the SKAT Claim was designated as contingent and disputed in the Debtors' schedules.

8.  Although the costs of defending the MDL Suit on behalf of the Debtor have largely been born by Bernard and Andrea Tew[1], resolution of the MDL Suit will enhance Mr. Tews'

---

[1] The individual Tews are also before this Court in Case No. 20-51078 and a similar motion has been filed simultaneously in that case.

ability to engage in securities trading, which is the primary method for funding the Plan. Resolution of the MDL Suit should ultimately benefit all of the Debtors' creditors.

### C. The Proposed Settlement Agreement

9. The essential terms of the Settlement Agreement provide for SKAT to have an allowed Class 7 unsecured claim under the Plan, or any subsequently filed Plan, in the amount of the filed SKAT Claims. The specific terms of the Settlement Agreement should be reviewed, as this description is intended only as a brief summary of the Settlement Agreement terms which impacts the Debtor. To the extent any of the descriptions of the Settlement Agreement provided herein are inconsistent with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

## ARGUMENT

### A. The Standard for Approval of Settlement Agreements

10. Compromise and settlement have long been an inherent component of the bankruptcy process. Fed. R. Bankr. P. 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." When reviewing a proposed settlement, the Court must determine that it is: (1) "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); and (2) in the best interests of the estate, *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). Fed. R. Bankr. P. 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

11. Two principles guide the determination of whether a proposed settlement is fair and equitable. First, "'[t]he law favors compromise and not litigation for its own sake…'" *In re Fishell*, 47 F.3d 1168, *2 (6th Cir. 1995) (unpublished table opinion) (quoting *In

*re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986)); *see also Best Prods.*, 168 B.R. at 50; *Nellis v. Shungrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (recognizing "the general rule that settlements are favored . . ."). Second, settlements should be approved if, after a review of the appropriate factors in evaluating a compromise for fairness and equity, the settlement falls above the lowest point on the continuum of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) ("[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" (citation omitted)).

12. The factors to consider in evaluating fairness and equity of a proposed compromise are: "'(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.'" *Fishell*, 47 F.3d at *3 (6th Cir. 1995) (quoting *A & C Properties*, 784 F.2d at 1381).

13. The Debtor is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted).

### B. The Proposed Settlement Agreement Is Fair and Equitable

14. The Debtor respectfully submits that the proposed Settlement Agreement satisfies each of the relevant factors. If the Debtor does not enter into the Settlement Agreement, or if it is

not approved by this Court, the Debtor will not have access to the main source of funding its Plan – revenue generated by Mr. and Mrs. Tew. In addition, the Debtor would incur significant additional expenses to resolve the SKAT Claim, including litigating a formal claim objection and an objection to confirmation of the Plan, along with the potential for one or more appeals. Moreover, even if the Debtor was ultimately successful in defeating the SKAT Claim, the costs of litigating it would reduce the ultimate recovery for unsecured creditors in this case. The Debtor submits that its limited resources are better spent resolving the remaining issues in this case, obtaining confirmation of its Plan and making distributions to creditors with allowed claims.

15. If approved, the Settlement Agreement will allow the Debtor to avoid the costs associated with continuing to litigate the SKAT Claim, bring value to the estate through an expected straightforward confirmation process, and resolve all claims, obligations, demands, actions, causes of action and liabilities with respect to the SKAT Claim. Importantly, resolution of the SKAT Claim is expected to simplify Mr. Tews' ability to generate revenue from securities trading as it is expected that Mr. Tew will now be able to communicate directly with any brokerage assisting with trades.

16. The Settlement Agreement is fair in light of the current stage of the Debtors' case, the expense associated with litigating treatment of the SKAT Claim and confirmation of the Plan. The terms of the Settlement Agreement fall within the reasonable range of likely outcomes of the SKAT Claim, and will eliminate risks, costs, and delay associated with a formal objection and objections to confirmation of the Plan.

17. In sum, the Settlement Agreement provides a meaningful benefit to the Debtor's creditors by avoiding the substantial costs, delays, and risks of litigating the allowance of the SKAT Claim and confirmation of the Plan. The Settlement Agreement is the product of arms-

length good faith bargaining.

18. Accordingly, the Debtor has concluded in the exercise of its reasonable business judgment that the benefits to be gained by resolving these matters on the terms set forth in the Settlement Agreement outweigh the time and expense that would necessarily be attendant with a formal objection to the SKAT Claims and a contested confirmation hearing.

## CONCLUSION

For the foregoing reasons, the Debtors Trustee respectfully requests that the Court approve the Settlement Agreement and provide such other and further relief as the Court deems appropriate.

## NOTICE OF TELEPHONIC HEARING

The Honorable Tracey N. Wise of the United States Bankruptcy Court for the Eastern District of Kentucky will hold a telephonic hearing on the foregoing Motion on June 23, 2021 at 9:30 a.m., or as soon thereafter as counsel may be heard. Any person who desires to participate in the telephonic hearing should call (888) 363-4749 and use Access Code 6879731#. Please refer to https://www.kyeb.uscourts.gov/telephonic-hearing-instructions for telephonic call-in information.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTORS

## CERTIFICATE OF SERVICE

In addition to the parties who are served with this Motion by the Court's ECF System, the undersigned certifies that it has been served upon all creditors on the attached service list in the manner indicated, including by first-class U.S. Mail, postage prepaid, on June 8, 2021.

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTORS

/Pleadings/SKAT Rule 9019 Mot V2 20210608.docx

| Name | Address1 | Address2 | Address3 | City | State | Zip | |
|---|---|---|---|---|---|---|---|
| Ashford Stud | P O Box 823 | | | Versailles | KY | 40383 | |
| Ben Bealmear DVM | P O Box 12215 | | | Lexington | KY | 40581-2215 | |
| Buck Pond Farm | Attn: Doug Arnold | 1055 Paynes Mill Rd | | Versailles | KY | 40383 | |
| Castle Park | Attn: Noel Murphy | 1210 Stamping Ground Rd | | Georgetown | KY | 40324 | |
| Central Bank | c/o Tyler Powell Esq. | 250 W Main St, Ste 2800 | | Lexington | KY | 40507 | VIA ECF: tpowell@fbtlaw.com |
| Claiborne Farm | P O Box 150 | | | Paris | KY | 40362 | |
| Darley Stallions | c/o George D. Smith, Esq. | 300 W Vine St, Ste 2100 | | Lexington | KY | 40507 | VIA ECF: George D. Smith Esq - gsmithbr@skofirm.com |
| Dean Dorton | Attn: Tena Adams | 250 W Main St #1400 | | Lexington | KY | 40507 | VIA EMAIL: tadams@deandorton.com |
| Equinox, Inc. | c/o Douglas T. Logsdon | McBrayer PLLC | 201 E Main St, Ste 900 | Lexington | KY | 40507 | VIA EMAIL: dlogsdon@mcbrayerfirm.com |
| Hagyard | c/o: GLA Collection | P O Box 588 | | Greensburg | IN | 47240-0588 | |
| Hall Transportation | Attn: Stacey Hall | 75 Country View Dr | | Lebanon | KY | 40033 | |
| Internal Revenue Service | P.O. Box 7346 | | | Philadelphia | PA | 19101-7346 | VIA ECF: Callie R. Owen, Esq. - Callie.R.Owen@usdoj.gov |
| KY Dept. of Revenue | Legal Branch - Bankruptcy Section | P. O. Box 5222 | | Frankfort | KY | 40602 | |
| Larry Caudill | 1186 Keene South Elkhorn | | | Nicholasville | KY | 40356 | |
| Madison Street, LLC | c/o Scott Rickman | 175 E Main St, Ste 200 | | Lexington | KY | 40507 | VIA ECF: Scott Rickman - str@mpmfirm.com |
| Paramount Sales | 275 Meijer Way | Suite 101 | | Lexington | KY | 40503 | |
| Roberto Baca | 2358 Allen Dr. | | | Lexington | KY | 40505 | Need New Address |
| Sallee Horse Vans, Inc. | P O Box 748021 | | | Cincinnati | OH | 45274-8021 | |
| SKAT | c/o Marc A. Weinstein, Esq. | Hughes Hubbard & Reed | One Battery Park Plaza | New York | NY | 10004-1482 | VIA ECF: redwards@bsg-law.com and sdavidson@bsg-law.com |
| Traditional Bank | c/o Farrah W. Ingram, Esq. | PO Box 950 | | Mount Sterling | KY | 40353 | VIA ECF:  Farrah W. Ingram Esq. - fingram@whitepeckcarrington.com |
| WinStar Farm | 3001 Pisgah Pike | | | Versailles | KY | 40383 | |
| Branch Banking & Trust | PO Box 1847 | 10-50-01-51 | | Wilson | NC | 27894 | VIA EMAIL: Bankruptcy@BBandT.com |
| Michael B. Cohen | 1020 W Monroe Street | | | Chicago | IL | 60607-6060 | VIA EMAIL: mbc312@aol.com |
| Craig Cohen | 779 Bobolink Road | | | Highland Park | IL | 60035 | VIA EMAIL: Craigcohen517@gmail.com |
| Charity Bird | | | | | | | VIA ECF: cbird@kaplanjohnsonlaw.com |
| LSC2020, LLC | c/o Anthony Raluy, Esq. | Rendigs Fry Kiely & Dennis | 500 W Jefferson St, Ste 1515 | Louisville | KY | 40202 | VIA ECF:  traluy@rendigs.com |
| Wilmington Savings Fund Society | c/o Millsap & Singer, LLC | 612 Spirit Drive | | St. Louis | MO | 63005 | VIA ECF: bkty@msfirm.com |