**EXECUTION COPY**

## SETTLEMENT AGREEMENT BY AND BETWEEN SKATTEFORVALTNINGEN AND THE EXECUTING TEW DEFENDANTS

This Settlement Agreement is entered into as of June 7, 2021 ("Settlement Agreement" or "Agreement") by and between SKAT and the Executing Tew Defendants, as defined below (each individually, a "Party" and collectively, the "Parties").

## RECITALS

WHEREAS, on June 14, 2018, SKAT commenced the Tew Related Litigations in which SKAT asserted claims against the Tew Defendants arising from (i) dividend withholding tax refund requests the Tew Defendants, through agents and representatives, submitted to SKAT, and (ii) payments SKAT made based on these refund requests in the aggregate amount of $38,810,000.

WHEREAS, on October 3, 2018, the U.S. Judicial Panel on Multidistrict Litigation transferred SKAT's action against the Tew Defendants to the United States District Court for the Southern District of New York as part of the multidistrict litigation captioned *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-2865-LAK (S.D.N.Y.);

WHEREAS, on April 24, 2020, SKAT filed an amended complaint against the Tew Defendants, asserting claims arising out of the Refund Requests and Refund payments described above;

WHEREAS, on July 23, 2020, Andrea Tew, Bernard Tew, and Tew LP filed petitions for relief under Chapter 11 of the United States Code in the United States Court for the Eastern District of Kentucky, Lexington Division;

WHEREAS, on November 02, 2020, SKAT filed proofs of claims against the Tew Debtors asserting general unsecured claims based on the Tew Related Litigations;

WHEREAS, after extensive and good faith negotiations, the Parties desire to settle the portions of the Tew Related Litigations related to the Executing Tew Defendants based on the terms and conditions set forth in this Agreement;

WHEREAS, the Executing Tew Defendants have expressed a willingness to use their best efforts and full cooperation to assist SKAT in various proceedings related to the subject matter of the Tew Related Litigations;

NOW, THEREFORE, in consideration of the mutual promises and covenants in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE I.  DEFINITIONS

Section 1.01    *Definitions*.  Capitalized terms used herein shall have the following meanings:

61789524_1

**EXECUTION COPY**

a. "Andrea Tew" means Andrea B. Tew.

b. "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of Kentucky - Lexington Division.

c. "Bernard Tew" means Bernard V. Tew.

d. "Business Day" means any day other than a Saturday, Sunday, any day that is a federal legal holiday in Denmark or in the United States or any day on which banking institutions in Copenhagen, Denmark or New York, New York are authorized or required by law or executive order to be closed.

e. "Claims" means any and all civil claims, counterclaims, actions, causes of action, petitions, motions, objections, litigations, arbitrations, proceedings, awards, orders, judgments, decisions, debts, obligations, rights, interest, suits, appeals, damages, remedies, costs, attorneys' fees, interest, expenses and liabilities, of any type, including and without limitation, administrative and regulatory, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or fixed, liquidated or unliquidated, accrued or unaccrued, state or federal, domestic or foreign, currently or previously existing or arising, in law, contract, equity or otherwise.

f. "Consent Judgments" means the proposed consent judgments attached as Exhibit A-1 through A-15 to this Agreement, and any other Consent Judgment against any of the Tew Defendant Plans that SKAT provides to the Executing Tew Defendants after the Effective Date of this Agreement.

g. "Confirmation Date" means the later of the date(s) on which the Bankruptcy Court's orders confirming the Tew Individual Debtor Plan and the Tew LP Debtor Plan, substantially in the form as filed with the Bankruptcy Court as of the Execution Date subject to Section 3.03, become a Final Order.

h. "Cooperation Information" means documents and information within the possession, custody or control of the Tew Defendants, relating to the trading or purported trading in Danish company shares, reclaim applications submitted to Skatteforvaltningen, proceeds of any such reclaim applications and the distribution of proceeds of any such reclaim applications, including, but not limited to, information relating to the formation, operation and trading of the Tew Pension Plan Defendants.

i. "Danish Claims" means any and all administrative appeals, complaints, grievances and/or other actions filed with the Danish Tax Agency, the Ministry of Taxation or any other authority of the government of the Kingdom of Denmark, including but not limited to, any administrative appeals, complaints, grievances and/or other actions concerning any refund application, dividend payment, or any other matter related to or arising from the same facts and circumstances of the Tew Related Litigations.

j. "Effective Date" means the first Business Day after the Confirmation Date.

**EXECUTION COPY**

k.  "<u>Executing Tew Defendants</u>" means Bernard Tew, Andrea Tew, Stephanie Tew, Vincent Tew, Tew LP Retirement Plan, Tew Enterprises LLC Retirement Plan, SV Holdings LLC Retirement Plan, Bluegrass Investment Management LLC Retirement Plan, and Bluegrass Investment Management LLC.

l.  "<u>Execution Date</u>" means the date this Agreement is executed by all Parties.

m.  "<u>Final Order</u>" means an order the Bankruptcy Court, the operation or effect of which has not been stayed, reversed, or amended, and as which the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending, *provided, however*, that no order shall fail to be a final order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rule of Civil Procedure, Bankruptcy Rule 9024, any similar local bankruptcy rule or any similar state statute or rule may be filed with respect to such order.

n.  "<u>Individual Tew Bankruptcy Proceeding</u>" refers to the jointly administered Chapter 11 bankruptcy proceedings of Bernard Tew and Andrea Tew commenced in the United States Bankruptcy Court for the Eastern District of Kentucky- Lexington Division on July 23, 2020, and assigned case number 20-51078.

o.  "<u>Individual Tew Confessions of Judgments</u>" means the executed and notarized Affidavit of Confessions of Judgments attached as Exhibits B-1 and B-2 to this Agreement.

p.  "<u>Individual Tew Debtors</u>" means Andrea B. Tew and Bernard V. Tew as debtors in the jointly administered Individual Tew Bankruptcy Proceeding.

q.  "<u>MDL</u>" means the multidistrict litigation captioned *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, No. 18-md-2865-LAK (S.D.N.Y.)

r.  "<u>Petition Date</u>" means July 23, 2020.

s.  "<u>Refund Payment(s)</u>" means the payments SKAT made based on the Refund Requests to a payment agent designated by the Tew Defendants on behalf of the Tew Pension Plan Defendants in the aggregate amount of 262,208,583.44 Danish Kroner ("DKK") on: September 24, 2012; October 18, 2012; February 11, 2013; April 15, 2013; April 24, 2013; May 7, 2013; May 13, 2013; October 15, 2013; February 3, 2014; April 24, 2014; May 28, 2014; June 6, 2014; August 29, 2014; October 9, 2014; December 19, 2014; January 7, 2015; April 16, 2015; and April 29, 2015

t.  "<u>Refund Request(s)</u>" means the two-hundred and seventy-one (271) dividend withholding tax refund requests the Tew Pension Plan Defendants, through agents and representatives, submitted to SKAT on the following dates:  September 7, 2012 (four requests); October 5, 2012 (four requests); October 14, 2012 (four requests); March 20, 2013 (fifteen requests); March 26, 2013 (fifteen requests); April 8, 2013 (fifteen requests); April 15, 2013 (forty-five requests); April 19, 2013 (seven requests); April 25, 2013 (seventeen requests); April 29, 2013 (ten requests); September 30, 2013 (eight requests); October 1, 2013; January 9, 2014 (four requests); January 15, 2014 (five

requests); March 26, 2014 (nine requests); April 7, 2014 (thirty-five requests); April 17, 2014 (twenty requests); April 22, 2014; April 25, 2014 (seventeen requests); May 22, 2014 (five requests); May 30, 2014; August 15, 2014 (four requests); September 8, 2014; December 5, 2014 (four requests); December 11, 2014 (four requests); March 18, 2015; March 20, 2015 (three requests); March 26, 2015 (four requests);  March 31, 2015 (four requests); and April 9, 2015 (four requests).

u.  "Release Effective Date" the release Effective Date is the date upon which the Consent Judgments are approved and entered in the MDL.

v.  "SKAT" means Skatteforvaltningen, the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes. For the avoidance of doubt, Skatteforvaltningen does not include, is not acting for, and is not undertaking any obligations on behalf of any other government authority or official of the Kingdom of Denmark.

w.  "SKAT Tew LP Bankruptcy Claim" means the general unsecured creditor claim asserted against the Tew LP on November 02, 2020, and assigned claim number 12 in the Tew Individual Bankruptcy Proceeding, in the amounts claimed by SKAT in its Claim, $2,425,000.

x.  "SKAT Individual Bankruptcy Claim(s)" means the general unsecured creditor claims asserted against the Individual Tew Debtors on November 02, 2020 and assigned claim number 18 and 19 in the Tew Individual Bankruptcy Proceeding and in the amounts claimed by SKAT in its Claims, $36,385,000.

y.  "SKAT Released Claims" means all Claims held by SKAT related to the Refund Payments or Refund Requests, including the Danish Claims. .

z.  "Stephanie Tew" means Stephanie Tew, both individually and in her capacity as the member of SV Holdings, LLC.

aa.  "Stephanie Tew Financial Disclosure(s)" means documents sufficient to constitute a complete, comprehensive and full disclosures of all assets and liabilities of Stephanie Tew as of the Execution Date.

bb.  "Tew Debtors" means the Individual Tew Debtors and the Tew LP Debtor.

cc.  "Tew Defendants" means Bernard Tew, Andrea Tew, Stephanie Tew, Vincent Tew, and the Tew Pension Plan Defendants.

dd.  "Tew Individual Debtor Plan" means Bernard and Andrea Tew's joint Amended Chapter 11 Plan of Reorganization (ECF No. 184, 20-51078) filed on March 31, 2021, as amended, modified, or supplemented.

ee.  "Tew LP" means Tew Limited Partnership.

**EXECUTION COPY**

requests); March 26, 2014 (nine requests); April 7, 2014 (thirty-five requests); April 17, 2014 (twenty requests); April 22, 2014; April 25, 2014 (seventeen requests); May 22, 2014 (five requests); May 30, 2014; August 15, 2014 (four requests); September 8, 2014; December 5, 2014 (four requests); December 11, 2014 (four requests); March 18, 2015; March 20, 2015 (three requests); March 26, 2015 (four requests); March 31, 2015 (four requests); and April 9, 2015 (four requests).

u. "Release Effective Date" the release Effective Date is the date upon which the Consent Judgments are approved and entered in the MDL.

v. "SKAT" means Skatteforvaltningen, the authority of the Kingdom of Denmark charged with the assessment and collection of Danish taxes. For the avoidance of doubt, Skatteforvaltningen does not include, is not acting for, and is not undertaking any obligations on behalf of any other government authority or official of the Kingdom of Denmark.

w. "SKAT Tew LP Bankruptcy Claim" means the general unsecured creditor claim asserted against the Tew LP on November 02, 2020, and assigned claim number 12 in the Tew Individual Bankruptcy Proceeding, in the amounts claimed by SKAT in its Claim, $2,425,000.

x. "SKAT Individual Bankruptcy Claim(s)" means the general unsecured creditor claims asserted against the Individual Tew Debtors on November 02, 2020 and assigned claim number 18 and 19 in the Tew Individual Bankruptcy Proceeding and in the amounts claimed by SKAT in its Claims, $36,385,000.

y. "SKAT Released Claims" means all Claims held by SKAT related to the Refund Payments or Refund Requests, including the Danish Claims. .

z. "Stephanie Tew" means Stephanie Tew, both individually and in her capacity as the ~~sole participant and authorized representative~~ *Member* of SV Holdings, LLC ~~Retirement Plan~~. *SJC*

aa. "Stephanie Tew Financial Disclosure(s)" means documents sufficient to constitute a complete, comprehensive and full disclosures of all assets and liabilities of Stephanie Tew as of the Execution Date.

bb. "Tew Debtors" means the Individual Tew Debtors and the Tew LP Debtor.

cc. "Tew Defendants" means Bernard Tew, Andrea Tew, Stephanie Tew, Vincent Tew, and the Tew Pension Plan Defendants.

dd. "Tew Individual Debtor Plan" means Bernard and Andrea Tew's joint Amended Chapter 11 Plan of Reorganization (ECF No. 184, 20-51078) filed on March 31, 2021, as amended, modified, or supplemented.

ee. "Tew LP" means Tew Limited Partnership.

4

**EXECUTION COPY**

ff. "Tew LP Bankruptcy Proceeding" refers to the Chapter 11 bankruptcy proceeding of Tew LP commenced in the United States Bankruptcy Court for the Eastern District of Kentucky- Lexington Division on July 23, 2020, and assigned case number 20-51079.

gg. "Tew LP Confession of Judgment" means the executed and notarized Affidavit of Confession of Judgment attached as Exhibit B-3 to this Agreement.

hh. "Tew LP Debtor" means Tew Limited Partnership as debtor in the Tew LP Bankruptcy Proceeding.

ii. "Tew LP Debtor Plan" means Tew LP's Subchapter V Small Business Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code (ECF No. 46, 20-51079) filed on October 21, 2020, as amended, modified, or supplemented.

jj. "Tew Pension Plan Defendants" means Tew LP Retirement Plan, Tew Enterprises LLC Retirement Plan, SV Holdings LLC Retirement Plan, Bluegrass Investment Management LLC Retirement Plan, JSH Farms LLC 401(K) Plan, KRH Farms LLC Retirement Plan, MGH Farms LLC 401(K) Plan, SRH Farms LLC 401(K) Plan, Triton Farms LLC 401(K) Plan, Autoparts Pension Group Trust, Bluegrass Retirement Group Trust, Casting Pension Group Trust, Central Technologies Group Trust, Industrial Pensions Group Trust the MSJJ Retirement Group Trust, and Bluegrass Investment Management LLC.

kk. "Tew Related Litigations" means the following proceedings, (i) *Skatteforvaltningen v. Tew, LP Retirement Plan & Vincent Tew*, Case No. 1:18-cv-09492-LAK (S.D.N.Y), (ii) *Skatteforvaltningen v. Autoparts Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09549-LAK (S.D.N.Y), (iii) *Skatteforvaltningen v. Bluegrass Investment Management, LLC Retirement Plan, & Bernard Tew*, Case No. 1:18-cv-09515-LAK (S.D.N.Y), (iv) *Skatteforvaltningen v. Bluegrass Retirement Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09511-LAK (S.D.N.Y), (v) *Skatteforvaltningen v. Casting Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09498-LAK (S.D.N.Y), (vi) *Skatteforvaltningen v. Central Technologies Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09507-LAK (S.D.N.Y), (vii) *Skatteforvaltningen v. Industrial Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09497-LAK (S.D.N.Y), (viii) *Skatteforvaltningen v. JSH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09489-LAK (S.D.N.Y), (ix) *Skatteforvaltningen v. KRH Farms LLC 401(K) Plan, Bluegrass Investment Management,, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09491-LAK (S.D.N.Y), (x) *Skatteforvaltningen v. MGH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09439-LAK (S.D.N.Y), (xi) *Skatteforvaltningen v. MSJJ Retirement Group Trust; Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09552-LAK (S.D.N.Y), (xii) *Skatteforvaltningen v. SRH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeiste*r, Case No. 1:18-cv-09434-LAK (S.D.N.Y), (xiii) *Skatteforvaltningen v. Triton Farms LLC 401(K) Plan, Bluegrass Investment*

61789524_1

*Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09490-LAK (S.D.N.Y), (xiv) *Skatteforvaltningen v. Tew Enterprises, LLC Retirement Plan & Andrea Tew*, Case No. 1:18-cv-09494-LAK (S.D.N.Y), (xv) *Skatteforvaltningen v. SV Holdings, LLC Retirement Plan & Stephanie* Tew, Case No. 18-cv-09505-LAK (S.D.N.Y).

ll.   "Tew Released Claims" means all Claims held by any Tew Defendant relating to the Refund Requests, Refund Payments, MDL and the Danish Claims.

mm. "Tew Released Parties" means Bernard Tew, Andrea Tew, Stephanie Tew, and Vincent Tew.

nn.   "Tew Releasing Defendants" means Tew LP Retirement Plan, Tew Enterprises LLC Retirement Plan, SV Holdings LLC Retirement Plan, Bluegrass Investment Management LLC Retirement Plan, Bluegrass Investment Management LLC, and any other Tew Defendants for which the Tew Executing Defendants have the power, ability, or authority to grant a release.

oo.   "Transfer" means any assignment, sale, loan, hypothecation, or transfer.

pp.   "Vincent Tew" means Vincent Tew, both individually and in his capacity as the sole participant and authorized representative of Tew, LP Retirement Plan.

qq.   "Vincent Tew Financial Disclosure(s)" means documents sufficient to constitute a complete, comprehensive and full disclosures of all assets and liabilities of Vincent Tew as of the Execution Date.

Section 1.02   *Construction.*   This Agreement shall be interpreted according to the following rules of construction:

(a)   This Agreement constitutes a fully negotiated agreement among commercially sophisticated parties and therefore shall not be construed or interpreted for or against any Party, and any rule or maxim of construction to such effect shall not apply to this Agreement.

(b)   Words or terms expressed in the plural include the singular and vice versa.

(c)   Words importing a gender include every gender.

(d)   The word "including" does not limit the generality of any preceding words.

(e)   The word "or" shall not be exclusive.

## ARTICLE II.        EFFECTIVENESS

Section 2.01   *Effectiveness.*   This Agreement shall become effective on and from the Effective Date.

# ARTICLE III.            ALLOWANCE OF CLAIMS

**Section 3.01**   *SKAT Individual Bankruptcy Claims*.  The SKAT Individual Bankruptcy Claims shall be deemed "Allowed" (as defined in the Tew Individual Debtor Plan) in full in the amount of $36,385,000 as a "Class 7 General Unsecured Claim" (as defined in the Tew Individual Debtor Plan) in the Tew Individual Bankruptcy Proceeding as of the Effective Date.  Except as provided in Section 3.04, the allowed SKAT Individual Bankruptcy Claims shall not be, either directly or indirectly subject to any challenge, objection, reduction, disallowance, counterclaim or offset for any reason, and SKAT shall not be subject to any avoidance or recovery actions under Sections 502(d), 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code on account of any payments received by or transfers to or transactions with SKAT occurring prior or subsequent to the Petition Date.

**Section 3.02**   *The SKAT Tew LP Bankruptcy Claim*. The SKAT Tew LP Bankruptcy Claim shall be deemed "Allowed" (as defined in the Tew LP Debtor Plan) in full in the amount of $2,425,000 as a "Class 7 General Unsecured Claim" (as defined in the Tew LP Debtor Plan) in the Tew LP Bankruptcy Proceeding.   Except as provided in Section 3.04, the allowed SKAT Tew LP Bankruptcy Claim shall not be, either directly or indirectly subject to any challenge, objection, reduction, disallowance, counterclaim or offset for any reason, and SKAT shall not be subject to any avoidance or recovery actions under Sections 502(d), 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code on account of any payments received by or transfers to or transactions with SKAT occurring prior or subsequent to the Petition Date.

**Section 3.03**   *Modification of Bankruptcy Plan*. The Individual Tew Debtors and the Tew LP Debtor agree that they will not make any substantive amendment or modification to the Tew Individual Debtor Plan or the Tew LP Debtor Plan that will have any negative effect on the rights, claims, and recoveries of SKAT under this Agreement without prior written consent from SKAT.

**Section 3.04**   *Claims Adjustment.* SKAT agrees that to the extent that, at any time subsequent to the Execution Date, SKAT collects, recovers or otherwise receives any amounts (whether in the nature of administrative penalties, assessment, judgment, settlement or other action) that in SKAT's reasonable judgment represents wholly or partially payments made to it by a person who or which financially benefited from the Refund Payments (including, for example, any broker-dealer, asset manager, financing party, or custodian), SKAT will confidentially disclose the amount and source of such recoveries to the Tew Debtors. SKAT, in its sole discretion, may allocate the Refund Payments as a credit against the allowed SKAT Individual Bankruptcy Claim and the allowed SKAT Tew LP Bankruptcy Claim.

**Section 3.05** *Recognition of Interests.* SKAT acknowledges that one or more of the Tew Debtors asserts a right to recover against unrelated third parties for claims related to the dividend withholding tax refunds and other acts of negligence or intentional torts. Other than SKAT's entitlement to recovery under the SKAT Individual Bankruptcy Claim and the SKAT Tew LP Bankruptcy Claim, SKAT shall have no right or entitlement to any sums recovered by the Tew Debtors from unrelated third parties, The Tew Debtors will confidentially disclose the amount and source of any recoveries from unrelated third parties to SKAT upon its request.

### ARTICLE IV.  ENTRY OF CONSENT JUDGMENTS AND DISMISSAL OF CLAIMS

Section 4.01  *Execution of Consent Judgments.*  Simultaneous with execution of this Agreement, the Executing Tew Defendants shall execute, through their respective counsel or agent, the Consent Judgments, which shall be held in escrow by SKAT's counsel. The Executing Tew Defendants agree that they shall execute any additional Consent Judgments requested by SKAT against the Tew Pension Plan Defendants after the Effective Date of this Agreement.

Section 4.02  *Filing of Consent Judgments.* On the Effective Date, the Consent Judgments shall be deemed released from escrow, and within fourteen (14) Business Days, SKAT shall file the Consent Judgments in the MDL for approval and entry.

Section 4.03  *Dismissal of Claims.* Within fourteen (14) days of the Effective Date, SKAT will take steps to effectuate the dismissal with prejudice of any and all Claims asserted by it against Tew LP, Bernard Tew, Andrea Tew, Stephanie Tew and Vincent Tew in the Tew Related Litigations.

Section 4.04  *Dismissal of Danish Claims.* Within ten (10) Business Days of the Effective Date, the Executing Tew Defendants will withdraw, or cause to be withdrawn, any and all Danish Claims.  Provided, however, that withdrawal of the Danish Claims shall in no way result in any finding of liability or obligation on the part of the Executing Tew Defendants or their counsel to compensate the Danish Tax Agency, the Ministry of Taxation or any other authority of the government of the Kingdom of Denmark.

Section 4.05  *Confession of Judgment.*  Simultaneous with the execution of this Agreement, Bernard Tew, Andrea Tew, and Tew LP shall provide the executed and notarized Affidavit of Confession of Judgments to counsel for SKAT, to be held in escrow.  Only in the event that the Tew Individual Bankruptcy Proceeding is dismissed, Bernard Tew and Andrea Tew agree counsel for SKAT shall be authorized to release and file the Individual Tew Confessions of Judgments and may seek to enforce the judgment that the Court enters. Only in the event that the Tew LP Bankruptcy Proceeding is dismissed, Tew LP agrees that counsel for SKAT shall be authorized to release and file the Tew LP Confession of Judgment and may seek to enforce the judgment that the Court enters.  Upon the confirmation order approving the Tew Individual Debtor Plan becoming final, SKAT shall return the Individual Tew Confessions of Judgments to counsel for the Tew Debtors and destroy any copies. Upon the confirmation order approving Tew LP Debtor Plan becoming final, SKAT shall return the Tew LP Confession of Judgment to counsel for the Tew Debtors and destroy any copies.

Section 4.06  *Cooperation.* The Executing Tew Defendants agree that they shall execute and file such additional documents (if any) requested by SKAT as may be necessary to obtain approval and entry of the Consent Judgments, the Voluntary Dismissals, the dismissal of any Danish proceedings referenced in Section 4.04, and/or direct their counsel to take any required actions to obtain approval and entry of the Consent Judgments, the Voluntary Dismissals, and the dismissal of any Danish proceedings described in Section 4.04.

**EXECUTION COPY**

## ARTICLE V.           COOPERATION

**Section 5.01**   *Full and Complete Cooperation.* The Executing Tew Defendants will fully cooperate with the investigation by SKAT of third parties not subject to the releases set forth in this Agreement and claims and actions against third parties not subject to the releases set forth in this Agreement as follows:

   (i)  The Executing Tew Defendants will provide truthful and complete information and testimony when requested by SKAT and agree to be interviewed by counsel for SKAT upon request.

   (b)  Bernard Tew and Andrea Tew agree to submit to separate depositions in the MDL. Each deposition will be conducted virtually and will not exceed two consecutive seven hour days, unless otherwise agreed by the parties.

   (c)  Bernard Tew agrees to appear at any hearings, trials, other judicial proceedings, and at meetings, as may be required by SKAT, provided that SKAT shall advance or reimburse reasonable expenses incurred by Bernard Tew in connection with any such appearance.

   (d)  Upon the request of SKAT, the Executing Tew Defendants will promptly provide any requested Cooperation Information.

   (e)  Upon the request of SKAT, the Executing Tew Defendants agree to waive any potential attorney-client privilege, work-product protections, confidentiality protections, or other evidentiary protection under state, federal or foreign law, to any Cooperation Information and agree not to invoke any potential privilege, work product protection, confidentiality protection, or similar protection in response to any inquiries or request posed by SKAT to the Executing Tew Defendants related to the Refund Requests or Refund Payments. This provision shall not be deemed or construed as a waiver of any potential attorney-client privilege, work product protection or confidentiality protection available to the Executing Tew Defendants, other than as to the Cooperation Information, all of which are expressly preserved.

   (f)  Upon the request of SKAT, the Executing Tew Defendants will provide written consent as required to allow SKAT to collect Cooperation Information from any third parties.

   (g)  At all times, the Executing Tew Defendants will use their best efforts to ensure that their cooperation with SKAT is meaningful and productive.

**Section 5.02**   *Use of Cooperation Information and Testimony.* The Cooperation Information and any testimony or other information that the Executing Tew Defendants provide to SKAT pursuant to Section 5.01 may be used by SKAT in any proceedings relating to any reclaim applications in the United States, the United Kingdom, Malaysia, Dubai, Denmark and any other jurisdiction.

61789524_1

### ARTICLE VI.        COVENANTS, REPRESENTATIONS & WARRANTIES

Section 6.01    *Title; No Prior Transfer of Claims.* Except to the extent the Danish Claims (as defined in Section 4.04) may be property of the bankruptcy estates of the Tew Debtors, each of the Parties represents and warrants that, as of the date of this Agreement, he, she or it is the only person or entity who has any interest in any of the Claims released by him, her or it hereby, and that none of such Claims, nor any part thereof, have been the subject to a Transfer in any way by such Party to any person or entity, including, without limitation, any claims that would be released in full hereunder but for such Transfer. Any assignment of any Claims released hereby shall be null and void. Any purported Transfer, whether past, present or future, shall be null and void without further action.

Section 6.02    *Covenants, Representations & Warranties by the Executing Tew Defendants.* In order to induce SKAT to enter into and perform their obligations under this Agreement, the Executing Tew Defendants hereby covenant, represent, warrant and acknowledge as follows:

(a)    *Disclosure of Refund Request and Refund Payments.* The Executing Tew Defendants represent and warrant that, to their knowledge, the Refund Requests were the only requests for refunds of dividend withholding tax they submitted to SKAT or that their agents submitted to SKAT on their behalf, and that the Refund Payments were the only payments they received from SKAT, directly or indirectly, or that their agents received on their behalf.  Each of Executing Tew Defendants acknowledges that SKAT is entering into the Agreement based on the truth of this representation.

(b)    *Productions.* The Executing Tew Defendants each represent and warrant that each has produced to SKAT all responsive, non-privileged documents in their possession, custody, and control in response to SKAT's May 30, 2019 First Requests for Production of Documents. The Executing Tew Defendants further represent that these productions contain a complete, comprehensive and full disclosure of (i) all documents related to the Refund Requests and Refund Payments and (ii) assets and liabilities in which the Executing Tew Defendants have or may have an interest.

(c)    *Vincent and Stephanie Tew Financial Disclosures.*  Vincent Tew and Stephanie Tew represent and warrant that the Vincent Tew Financial Disclosures and Stephanie Tew Financial Disclosures contain complete, comprehensive and full disclosure of all assets and liabilities in which they have or may have an interest.

(d)    *Bankruptcy Court Approval.*  As soon as practicable after execution of this Agreement, the Individual Tew Debtors and the Tew LP Debtor shall seek Bankruptcy Court approval of this settlement as part of the confirmation of the Tew Individual Debtor Plan and the Tew LP Debtor Plan.

(e)    *Authority.*  The Executing Tew Defendants represent and warrant that they have the power and authority to execute, deliver and perform their obligations under this Agreement, including but not limited to the power and authority to execute the Consent Judgments, and to consummate the transactions contemplated herein.  Subject to Bankruptcy Court Approval, the Tew Debtors represent and warrant that they have the

power and authority to execute, deliver and perform his obligations under this Agreement, and to consummate the transactions contemplated herein.

(f) *No Reliance Other Than Representations, Warranties & Covenants*.  The Executing Tew Defendants: (i) are sophisticated parties with respect to the subject matter of this Agreement, (ii) have been represented and advised by legal counsel in connection with this Agreement, (iii) have adequate information concerning the matters that are the subject of this Agreement, (iv) acknowledge that they has entered into this Agreement voluntarily and of their own choice and not under coercion or duress, and (v) have independently and without reliance upon SKAT or any of their respective affiliates or any officer, employee, agent, counsel or other representative thereof, and based on such information as the Executing Tew Defendants have deemed appropriate, made their own analysis and decision to enter into this Agreement. Based upon the Executing Tew Defendants, own independent investigations and not based upon any representation that either has made to the other, the Executing Tew Defendants have determined that this Agreement is fair, reasonable, and adequate in light of the claims settled herewith and the risks, costs, and uncertainties associated with any litigation associated with such claims.

Section 6.03    *Non-Disclosure and Arm's Length Negotiations*. The Parties agree that unless required by applicable law, regulation, or final non-appealable court or administrative order, they will not publicize, disseminate, refer to, or otherwise disclose to any third party (other than to the Parties' respective, advisors, accountants, and auditors) any information regarding the negotiations between the Parties or this Agreement.  The Parties recognize and acknowledge this Agreement will be filed with the Bankruptcy Court in order to obtain the approval contemplated by Section 6.02(d) hereof. The Parties recognize and acknowledge that each of the Parties hereto is represented by counsel and received independent legal advice with respect to the advisability of entering into this Agreement.  Each of the Parties acknowledges that the negotiations leading up to this Agreement were conducted regularly and at arm's length; this Agreement is made and executed by and of each such Party's own free will; that each knows all of the relevant facts and its rights in connection therewith; and that it has not been improperly influenced or induced to execute this Agreement as a result of any act or action on the part of any of the other Parties or any employee, agent, attorney, or representative of the other.  The Parties further acknowledge that they entered into this Agreement because of their desire to avoid the further expense and inconvenience of litigation, and to compromise permanently and release the claims and disputes between the Parties with respect to the Action by the execution of this Agreement.

## ARTICLE VII.        RELEASES

Section 7.01    *Executing Tew Defendant Release*s. Upon the Release Effective Date, the Executing Tew Defendants and the Tew Releasing Defendants shall forever and finally generally release, waive and discharge SKAT and all of its property, agents, attorneys, bankers, accountants, advisors, assigns, successors, predecessors and representatives from and in respect of all Tew Released Claims, *except* that the foregoing shall not release, waive or discharge the right to enforce this Agreement.

Section 7.02   *SKAT Release.* Upon the Release Effective Date, SKAT shall forever and finally generally release, waive and discharge the Tew Released Parties from any and all SKAT Released Claims, *except*: (i) the foregoing shall not release, waive or discharge the right to enforce this Agreement, the Consent Judgments, the Tew LP Confession of Judgment, and/or the Individual Tew Confessions of Judgments, (ii) the foregoing shall not release, waive or discharge the SKAT Individual Bankruptcy Claims or the SKAT Tew LP Bankruptcy Claims or the right to enforce those claims, (iii) nothing in this Agreement shall release, waive or discharge any rights or claims of SKAT against any person or entity that received any portion of the Refund Payments, and (iv) for the avoidance of doubt, nothing in this Agreement shall release, waive, or discharge any rights or claims SKAT may have against any party that is not a signatory to this agreement.

Section 7.03   *Express Waiver.* All rights under Section 1542 of the California Civil Code, or any analogous state, foreign, or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Tew Released Claims or SKAT Released Claims.  Section 1542 of the California Civil Code reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

## ARTICLE VIII.   TERMINATION

Section 8.01   *SKAT's Right to Terminate.*  SKAT shall have the right to terminate this Agreement by written notice to the Executing Tew Defendants if there is a material breach of the obligations, representations, warranties, or covenants of the Executing Tew Defendants hereunder, and the Executing Tew Defendants fail to cure such breach within ten (10) Business Days following written notice of such breach from SKAT, or if the Confirmation Date does not occur by June 1, 2023.

Section 8.02   *Effect of Termination.*  In the event that this Agreement is terminated in accordance with its terms, then neither this Agreement, nor any motion or other pleading filed in the Bankruptcy Court with respect to the approval of this Agreement, shall have any *res judicata* or collateral estoppel effect or be of any force or effect.  Each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Agreement had never been executed (except as to this Section) and the Parties hereto shall be automatically relieved of any further obligations hereunder, *except*, if the termination of this settlement occurs after the Confirmation Date, the termination of this Agreement shall have no effect on the allowed SKAT Individual Bankruptcy Claim or the SKAT Tew LP Bankruptcy Claim or on the validity and enforceability of the Consent Judgments, the Tew LP Confession of Judgment, and/or the Individual Tew Confessions of Judgments.

61789524_1

**EXECUTION COPY**

### ARTICLE IX.        MISCELLANEOUS

Section 9.01    *Venue*.  The Parties (other than the Tew Debtors, which are subject to the jurisdiction of the Bankruptcy Court) agree that the exclusive forum for the resolution of any dispute arising out of, in connection with or relating to this Agreement, the Consent Judgments, the Tew LP Confession of Judgment, and/or the Individual Tew Confessions of Judgments, including any dispute not resolved pursuant to the procedures set forth in Section 10 hereof, shall be the federal and state courts of the State of New York (the "New York Courts").  Each Party hereby knowingly, voluntarily, irrevocably and unconditionally for itself and its respective property (i) submits to the exclusive jurisdiction of the New York Courts, (ii) waives any objection as to laying of venue in the New York Courts, and (iii) waives any right to a trial by jury in the New York Courts.  The Parties further agree that any such dispute shall in the first instance be brought in the United States District Court for the Southern District of New York (the "Selected Court").  To the extent there is a lack of federal subject matter jurisdiction in the Selected Court, the Parties shall bring any disputes arising out of, in connection with or relating to this Agreement in New York State Court, County of New York, and, to the extent consistent with the rules of New York State Court, the Commercial Division of the New York State Court.

Section 9.02    *Choice of Law*.  This Agreement and all claims and disputes arising out of or in connection with this Agreement, shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles thereof.

Section 9.03    *No Admission of Liability*.  Each Party acknowledges that this Agreement effects a settlement of claims some or all of which are denied and contested, and that nothing contained herein shall be construed as an admission of liability or wrongdoing.

Section 9.04    *No Third Party Beneficiaries.*  This Agreement shall inure solely to the benefit of each Party hereto (as defined in the first paragraph of this Agreement) and its successors and permitted assigns, and nothing in this Agreement, express or implied, shall confer upon any other person or entity any rights, benefits or remedies (including, without limitation, third-party beneficiary rights) of any nature whatsoever.

Section 9.05    *Cost*.  The Parties agree to cooperate in good faith with each other's reasonable requests to effectuate this Agreement and the settlement contemplated herein. Each Party shall at its own expense execute and deliver such writings and take any other actions as may reasonably be requested by the other Party to effectuate the terms of this Agreement. Subject to Section 5.01(c), each Party shall be responsible for any costs it incurs in reviewing, negotiating and executing this Agreement, as well as any and all actions required to effectuate this Agreement and the settlement contemplated herein. For the avoidance of doubt, each party shall bear its own costs incurred to date arising from or related to the Tew Related Litigations, the Tew Individual Bankruptcy, the Tew LP Bankruptcy and any administrative appeals, complaints, grievances and/or other actions filed with the Danish Tax Agency, the Ministry of Taxation or any other authority of the government of the Kingdom of Denmark.

Section 9.06    *Binding Effect*.  This Agreement and the acknowledgments contained herein shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective legal heirs, successors and assigns.

Section 9.07    *Severability; Survival.*  If any term, provision, covenant or restriction of this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void or unenforceable, the remainder of the terms, provisions, covenants and restrictions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to any Party hereto.  Upon such a determination, the Parties shall negotiate in good faith to modify this Agreement in accordance with the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the fullest extent possible.

Section 9.08    *Entire Agreement.*  This Agreement constitutes the entire agreement between and among the Parties relative to the subject matter hereof.  This Agreement supersedes any previous agreements or understandings among the Parties, express or implied, with respect to the subject matter hereof, but all prior confidentiality agreements among the Parties shall remain in full force and effect.  No amendment, supplement or modification of this Agreement, or waiver of rights hereunder, shall be binding except against a Party that has executed such amendment, supplement or modification in writing.

Section 9.09    *Construction; No Reliance*.  This Agreement has been negotiated by the Parties and their respective legal counsel and legal or equitable principles that might require the construction of this Agreement or any of its provisions against the Party responsible for drafting this Agreement will not apply in any construction or interpretation of this Agreement.  The Parties acknowledge and agree that they have been represented by their own counsel and advisors in connection with this Agreement, have conducted their own investigations of the relevant facts and circumstances and are not relying on any representations or warranties of any other Party, except for the representations and warranties expressly set forth herein.

Section 9.10    *Notices.*  All notices, consents, waivers and other communications under this Agreement must be in writing and shall be deemed to have been duly given when (i) delivered by hand (with written confirmation of receipt), (ii) sent by email (with electronic acknowledgement of receipt), or (iii) sent by a nationally recognized overnight courier with receipt as follows:

> Notices to the Executing Tew Defendants shall be sent to:
>
> > Bernard and Andrea Tew
> > 910 Aiken Road
> > Versailles, Kentucky 40383
> > drtew@earthlink.net
>
> With a copy to:
>
> > Dean A. Langdon
> > DelCotto Law Group PLLC
> > 200 N. Upper St.
> > Lexington, Kentucky 40507

14

**EXECUTION COPY**

dlangdon@dlgfirm.com

Notices to SKAT shall be sent to:

Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

Notices may also be provided to such other address or addresses subsequently provided to counsel.

Section 9.11    *Authority.*  All attorneys executing this Agreement expressly represent and warrant that they have been given, and have received and accepted, authority to execute this Agreement on behalf of each Party for whom they have signed, and further, have been expressly given and received and accepted authority to enter into a binding agreement on behalf of each such Party with respect to the matters contained herein and as stated herein, and that the consent of no other party is required to bind each such Party.

Section 9.12    *Joint Drafting*. The Parties have participated jointly in the negotiation and drafting of this Agreement.  If an ambiguity or question of intent or interpretation arises, this Agreement will be construed as if drafted jointly by the Parties hereto and no presumption or burden of proof will arise favoring or disfavoring any Party hereto because of the authorship of any provision of this Agreement.

Section 9.13    *No Oral Modifications.*  This Agreement may not be modified or amended except by written agreement of the Parties.  No waiver of any provision of this agreement shall be valid unless in writing signed by the waiving Party.  No waiver of any breach of any term or provision of this Agreement shall be construed as a waiver of any subsequent breach.

Section 9.14    *Headings*.  The headings utilized in this Agreement are for convenience only and shall in no way affect the construction, meaning or interpretation hereof.  All Schedules attached to this Agreement are hereby made a part hereof and incorporated herein by reference for all purposes.

Section 9.15    *Counterparts.*  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.  This Agreement may be executed and delivered manually, by facsimile transmission or by email transmission.

61789524_1

**EXECUTION COPY**

[THIS PAGE IS INTENTIONALLY LEFT BLANK]

61789524_1

Dated: New York, New York
June 7, 2021

HUGHES HUBBARD & REED LLP

Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*
and

BOEHL STOPHER & GRAVES, LLP

Richard W. Edwards
Scott A. Davidson
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
sdavidson@bsg-law.com

*Counsel for Skatteforvaltningen (Customs
and Tax Administration of the Kingdom of
Denmark)*

DELCOTTO LAW GROUP PLLC

Dean A. Langdon
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com

*Counsel for Tew Debtors*

Bernard V. Tew, individually and as trustee of
the Bluegrass Investment Management, LLC
Retirement Plan and as Managing Member of
Bluegrass Investment Management LLC.

Andrea B. Tew, individually and as
trustee of Tew Enterprise, LLC
Retirement Plan

Stephanie Tew

17

**EXECUTION COPY**

Dated: New York, New York
     June 7, 2021

HUGHES HUBBARD & REED LLP        DELCOTTO LAW GROUP PLLC

_____      _____
Marc A. Weinstein                  Dean A. Langdon
Neil J. Oxford                     200 North Upper Street
Dustin P. Smith                    Lexington, KY 40507
One Battery Park Plaza             Telephone: (859) 231-5800
New York, New York 10004-1482      Facsimile: (859) 281-1179
Telephone: (212) 837-6000          dlangdon@dlgfirm.com
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com   *Counsel for Tew Debtors*
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*
and

BOEHL STOPHER & GRAVES, LLP

_____      _____
Richard W. Edwards                 Bernard V. Tew, individually and as trustee of
Scott A. Davidson                  the Bluegrass Investment Management, LLC
400 West Market Street, Suite 2300  Retirement Plan and as Managing Member of
Louisville, KY 40202               Bluegrass Investment Management LLC.
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
sdavidson@bsg-law.com

*Counsel for Skatteforvaltningen (Customs*
*and Tax Administration of the Kingdom of*
*Denmark)*

_____      _____
Andrea B. Tew, individually and as   Stephanie Tew
trustee of Tew Enterprise, LLC
Retirement Plan

17

**EXECUTION COPY**

Dated: New York, New York
June 7, 2021

HUGHES HUBBARD & REED LLP

_____

Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*
and

BOEHL STOPHER & GRAVES, LLP

_____

Richard W. Edwards
Scott A. Davidson
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
sdavidson@bsg-law.com

*Counsel for Skatteforvaltningen (Customs
and Tax Administration of the Kingdom of
Denmark)*

_____

Andrea B. Tew, individually and as
trustee of Tew Enterprise, LLC
Retirement Plan

DELCOTTO LAW GROUP PLLC

_____
Dean A. Langdon
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com

*Counsel for Tew Debtors*

_____

Bernard V. Tew, individually and as trustee of
the Bluegrass Investment Management, LLC
Retirement Plan and as Managing Member of
Bluegrass Investment Management LLC.

_____
Stephanie Tew

17

61789524_1

**EXECUTION COPY**

Dated: New York, New York
    June 7, 2021

HUGHES HUBBARD & REED LLP      DELCOTTO LAW GROUP PLLC

_____    _____

Marc A. Weinstein               Dean A. Langdon
Neil J. Oxford                   200 North Upper Street
Dustin P. Smith                 Lexington, KY 40507
One Battery Park Plaza            Telephone: (859) 231-5800
New York, New York 10004-1482     Facsimile: (859) 281-1179
Telephone: (212) 837-6000        dlangdon@dlgfirm.com
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com    *Counsel for Tew Debtors*
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*
and

BOEHL STOPHER & GRAVES, LLP

                              Bernard V. Tew, individually and as trustee of
_____    the Bluegrass Investment Management, LLC
 Richard W. Edwards           Retirement Plan and as Managing Member of
Scott A. Davidson               Bluegrass Investment Management LLC.
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
sdavidson@bsg-law.com

*Counsel for Skatteforvaltningen (Customs*
*and Tax Administration of the Kingdom of*
*Denmark)*

_____    _____
Andrea B. Tew, individually and as    Stephanie Tew
trustee of Tew Enterprise, LLC
Retirement Plan

**EXECUTION COPY**

Vincent Tew

18

61789524_1

**EXECUTION COPY**

# EXHIBIT A-1
## AUTOPARTS PENSIONS GROUP TRUST, CASE NO. 18-CV-09549

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09549.

---

MASTER DOCKET

18-md-2865 (LAK)

### [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT")
commenced this action against defendants Autoparts Pensions Group Trust ("Autoparts"),
Bluegrass Investment Management, LLC ("BGIM"), and Bernard Tew, and on April 24, 2020,
SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter
referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT
asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon
BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent
Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against
defendants BGIM in the amount of $6,969,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
        June __, 2021

By:_____          By: _____

HUGHES HUBBARD & REED LLP            SEWARD & KISSEL LLP
Marc A. Weinstein                    Mark J. Hyland
Neil J. Oxford                       Thomas Ross Hooper
Dustin P. Smith                      One Battery Park Plaza
One Battery Park Plaza               New York, New York 10004
New York, New York 10004-1482        Tel: (212) 574-1200
Telephone: (212) 837-6000            Fax: (212) 480-8421
Fax: (212) 422-4726                  hyland@sewkis.com
marc.weinstein@hugheshubbard.com     hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com       *Counsel for Bluegrass Investment*
                                     *Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-2**
**BLUEGRASS INVESTMENT MANAGEMENT, LLC RETIREMENT PLAN, CASE NO.**
**18-CV-09515**

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09515. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Bluegrass Investment Management, LLC Retirement Plan ("BGIM Plan"), and Bernard Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM Plan now wish to resolve all the claims SKAT asserted in the Action against BGIM Plan;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM Plan's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM Plan in the amount of $2,514,000 (US); and

2.      Defendant BGIM Plan shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
      June __, 2021

By:_____      By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein                  Mark J. Hyland
Neil J. Oxford                      Thomas Ross Hooper
Dustin P. Smith                   One Battery Park Plaza
One Battery Park Plaza          New York, New York 10004
New York, New York 10004-1482    Tel: (212) 574-1200
Telephone: (212) 837-6000        Fax: (212) 480-8421
Fax: (212) 422-4726            hyland@sewkis.com
marc.weinstein@hugheshubbard.com    hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment*
*Management, LLC Retirement Plan*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

# EXHIBIT A-3
## BLUEGRASS RETIRMENT GROUP TRUST, CASE NO. 18-CV-09511

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09511. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Bluegrass Retirement Group Trust ("Bluegrass"), Bluegrass Investment Management, LLC ("BGIM"), and Bernard Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $2,554,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

26

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated: New York, New York
      June __, 2021

By:_____      By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein      Mark J. Hyland
Neil J. Oxford      Thomas Ross Hooper
Dustin P. Smith      One Battery Park Plaza
One Battery Park Plaza      New York, New York 10004
New York, New York 10004-1482      Tel: (212) 574-1200
Telephone: (212) 837-6000      Fax: (212) 480-8421
Fax: (212) 422-4726      hyland@sewkis.com
marc.weinstein@hugheshubbard.com      hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com      *Counsel for Bluegrass Investment*
      *Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-4**
**CASTING PENSIONS GROUP TRUST, CASE NO. 18-CV-09498**

Case 20-51079-tnw    Doc 101-1    Filed 06/08/21    Entered 06/08/21 16:18:29    Desc
Exhibit A - Settlement Agreement    Page 33 of 80

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09498. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

### [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Casting Pensions Group Trust ("Casting"), Bluegrass Investment Management, LLC ("BGIM"), and Bernard Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.     This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $6,792,000 (US); and

2.     Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.     Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated: New York, New York
      June __, 2021

By:_____      By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein      Mark J. Hyland
Neil J. Oxford      Thomas Ross Hooper
Dustin P. Smith      One Battery Park Plaza
One Battery Park Plaza      New York, New York 10004
New York, New York 10004-1482      Tel: (212) 574-1200
Telephone: (212) 837-6000      Fax: (212) 480-8421
Fax: (212) 422-4726      hyland@sewkis.com
marc.weinstein@hugheshubbard.com      hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com      *Counsel for Bluegrass Investment*
*Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

# EXHIBIT A-5
## CENTRAL TECHNOLOGIES PENSIONS GROUP TRUST, CASE NO. 18-CV-09507

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09507.

---

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT")

commenced this action against defendants Central Technologies Pensions Group Trust ("Central

Technologies"), Bluegrass Investment Management, LLC ("BGIM"), and Bernard Tew, and on

April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing

collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT

asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon

BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent

Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against

defendant BGIM in the amount of $6,969,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

32

**EXECUTION COPY**

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
      June __, 2021

By:_____      By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein      Mark J. Hyland
Neil J. Oxford      Thomas Ross Hooper
Dustin P. Smith      One Battery Park Plaza
One Battery Park Plaza      New York, New York 10004
New York, New York 10004-1482      Tel: (212) 574-1200
Telephone: (212) 837-6000      Fax: (212) 480-8421
Fax: (212) 422-4726      hyland@sewkis.com
marc.weinstein@hugheshubbard.com      hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment
Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-6**
**INDUSTRIAL PENSIONS GROUP TRUST, CASE NO. 18-CV-09497**

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09497.
</td><td>
MASTER DOCKET

18-md-2865 (LAK)
</td></tr>
</table>

### [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT")
commenced this action against defendants Industrial Pensions Group Trust ("Industrial"),
Bluegrass Investment Management, LLC ("BGIM"), and Bernard Tew, and on April 24, 2020,
SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter
referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT
asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon
BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent
Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against
BGIM in the amount of $6,727,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

**EXECUTION COPY**

       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
       June __, 2021

By:_____       By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein                  Mark J. Hyland
Neil J. Oxford                     Thomas Ross Hooper
Dustin P. Smith                   One Battery Park Plaza
One Battery Park Plaza           New York, New York 10004
New York, New York 10004-1482    Tel: (212) 574-1200
Telephone: (212) 837-6000       Fax: (212) 480-8421
Fax: (212) 422-4726           hyland@sewkis.com
marc.weinstein@hugheshubbard.com   hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment*
*Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-7**
**JSH FARMS LLC 401(K) PLAN, CASE NO. 18-CV-09489**

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09489.

---

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT")

commenced this action against defendants JSH Farms LLC 401(K) Plan ("JSH Farms"),

Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister and

on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing

collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT

asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon

BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent

Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against

defendant BGIM in the amount of $366,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
       June __ , 2021

By:_____

HUGHES HUBBARD & REED LLP
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

By: _____

SEWARD & KISSEL LLP
Mark J. Hyland
Thomas Ross Hooper
One Battery Park Plaza
New York, New York 10004
Tel: (212) 574-1200
Fax: (212) 480-8421
hyland@sewkis.com
hooper@sewkis.com

*Counsel for Bluegrass Investment*
*Management, LLC*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

61789524_1

**EXHIBIT A-8**
**KRH FARMS LLC 401(K) PLAN, CASE NO. 18-CV-09491**

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION | MASTER DOCKET<br><br>18-md-2865 (LAK) |
| This document relates to case no. 18-cv-09491. | |

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants KRH Farms LLC 401(K) Plan ("KRH Farms"), Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $354,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

41

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
        June __, 2021

By:_____          By: _____

HUGHES HUBBARD & REED LLP                    SEWARD & KISSEL LLP
Marc A. Weinstein                            Mark J. Hyland
Neil J. Oxford                               Thomas Ross Hooper
Dustin P. Smith                              One Battery Park Plaza
One Battery Park Plaza                        New York, New York 10004
New York, New York 10004-1482                Tel: (212) 574-1200
Telephone: (212) 837-6000                    Fax: (212) 480-8421
Fax: (212) 422-4726                          hyland@sewkis.com
marc.weinstein@hugheshubbard.com             hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

                                             *Counsel for Bluegrass Investment*
                                             *Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*


SO ORDERED:


_____
Lewis A. Kaplan
United Stated District Judge

**EXHIBIT A-9**
**MGH FARMS LLC 401(K) PLAN, CASE NO. 18-CV-09439**

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09439. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants MGH Farms LLC 401(K) Plan ("MGH Farms"), Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $364,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
          June __, 2021

By:_____        By: _____

HUGHES HUBBARD & REED LLP        SEWARD & KISSEL LLP
Marc A. Weinstein                                  Mark J. Hyland
Neil J. Oxford                                         Thomas Ross Hooper
Dustin P. Smith                                      One Battery Park Plaza
One Battery Park Plaza                           New York, New York 10004
New York, New York 10004-1482           Tel: (212) 574-1200
Telephone: (212) 837-6000                     Fax: (212) 480-8421
Fax: (212) 422-4726                               hyland@sewkis.com
marc.weinstein@hugheshubbard.com      hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment*
*Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*


SO ORDERED:


_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-10**
**MSJJ RETIREMENT GROUP TRUST, CASE NO. 18-CV-09552**

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09552. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants MSJJ Retirement Group Trust ("MSJJ"), Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon defendant BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $350,000 (US); and

2.      Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated: New York, New York
      June __, 2021

By:_____      By: _____

HUGHES HUBBARD & REED LLP      SEWARD & KISSEL LLP
Marc A. Weinstein                 Mark J. Hyland
Neil J. Oxford                       Thomas Ross Hooper
Dustin P. Smith                    One Battery Park Plaza
One Battery Park Plaza         New York, New York 10004
New York, New York 10004-1482     Tel: (212) 574-1200
Telephone: (212) 837-6000       Fax: (212) 480-8421
Fax: (212) 422-4726           hyland@sewkis.com
marc.weinstein@hugheshubbard.com   hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment*
*Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

61789524_1

**EXECUTION COPY**

**EXHIBIT A-11**
**SRH FARMS LLC 401(K) PLAN, CASE NO. 18-CV-09434**

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09434. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants SRH Farms LLC 401(K) Plan ("SRH Farms"), Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $372,000 (US); and

2.    Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.    Each party shall bear its own attorneys' fees and costs.

50

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
       June __, 2021

By:_____       By: _____

HUGHES HUBBARD & REED LLP       SEWARD & KISSEL LLP
Marc A. Weinstein               Mark J. Hyland
Neil J. Oxford                  Thomas Ross Hooper
Dustin P. Smith                One Battery Park Plaza
One Battery Park Plaza         New York, New York 10004
New York, New York 10004-1482    Tel: (212) 574-1200
Telephone: (212) 837-6000      Fax: (212) 480-8421
Fax: (212) 422-4726          hyland@sewkis.com
marc.weinstein@hugheshubbard.com  hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com

*Counsel for Bluegrass Investment*
*Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark))*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

# EXHIBIT A-12
## SV HOLDINGS RETIREMENT PLAN, Case No. 18-cv-09505

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09505.

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants SV Holdings, LLC Retirement Plan ("SV Holdings"), and Stephanie Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendants SV Holdings and Stephanie Tew now wish to resolve all the claims SKAT asserted in the Action against SV Holdings and Stephanie Tew;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon SV Holdings' and Stephanie Tews' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant SV Holdings in the amount of $2,243,000 (US); and

2.      Each party shall bear its own attorneys' fees and costs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

53

**EXECUTION COPY**

IT IS FURTHER HEREBY STIPULATED AND AGREED by and between the parties

and their respective counsel that the above-captioned action is voluntarily dismissed, with

prejudice, against defendant Stephanie Tew pursuant to Federal Rules of Civil Procedure

41(a)(1)(A)(ii), with each party bearing its own attorneys' fees, costs, and expenses.

Dated:  New York, New York
       June __, 2021

By:_____       By: _____

HUGHES HUBBARD & REED LLP       SEWARD & KISSEL LLP
Marc A. Weinstein       Mark J. Hyland
Neil J. Oxford       Thomas Ross Hooper
Dustin P. Smith       One Battery Park Plaza
One Battery Park Plaza       New York, New York 10004
New York, New York 10004-1482       Tel: (212) 574-1200
Telephone: (212) 837-6000       Fax: (212) 480-8421
Fax: (212) 422-4726       hyland@sewkis.com
marc.weinstein@hugheshubbard.com       hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com       *Counsel for Stephanie Tew and SV Holdings,*
       *LLC Retirement Plan*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*


SO ORDERED:


_____
Lewis A. Kaplan
United Stated District Judge

**EXECUTION COPY**

**EXHIBIT A-13**
**TEW ENTERPRISES, LLC RETIREMENT PLAN, CASE NO. 18-CV-09494**

61789524_1

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09494. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Tew Enterprises, LLC Retirement Plan ("Tew Enterprises") and Andrea Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendants Tew Enterprises now wish to resolve all the claims SKAT asserted in the Action against Tew Enterprises;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Tew Enterprises' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant Tew Enterprises in the amount of $2,389,000 (US); and

2.      Defendant Tew Enterprises shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
          June __, 2021

By:_____          By: _____

HUGHES HUBBARD & REED LLP          SEWARD & KISSEL LLP
Marc A. Weinstein                  Mark J. Hyland
Neil J. Oxford                     Thomas Ross Hooper
Dustin P. Smith                    One Battery Park Plaza
One Battery Park Plaza             New York, New York 10004
New York, New York 10004-1482      Tel: (212) 574-1200
Telephone: (212) 837-6000          Fax: (212) 480-8421
Fax: (212) 422-4726                hyland@sewkis.com
marc.weinstein@hugheshubbard.com   hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com     *Counsel for Tew Enterprises, LLC Retirement*
                                   *Plan*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

SO ORDERED:

_____
Lewis A. Kaplan
United Stated District Judge

**EXHIBIT A-14**
**TEW LP RETREMENT PLAN, CASE NO. 18-CV-09492**

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case no. 18-cv-09492.

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Tew, LP Retirement Plan ("Tew LP") and Vincent Tew, and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant Tew LP now wish to resolve all the claims SKAT asserted in the Action against Tew LP;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Tew LP's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant Tew LP in the amount of $2,425,000 (US); and

2.      Defendant Tew LP shall be liable to pay the amount set forth in paragraph 1.

3.      Each party shall bear its own attorneys' fees and costs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

61789524_1

**EXECUTION COPY**

Dated:  New York, New York
        June __, 2021

By:_____        By: _____

HUGHES HUBBARD & REED LLP           SEWARD & KISSEL LLP
Marc A. Weinstein                   Mark J. Hyland
Neil J. Oxford                      Thomas Ross Hooper
Dustin P. Smith                     One Battery Park Plaza
One Battery Park Plaza              New York, New York 10004
New York, New York 10004-1482       Tel: (212) 574-1200
Telephone: (212) 837-6000           Fax: (212) 480-8421
Fax: (212) 422-4726                 hyland@sewkis.com
marc.weinstein@hugheshubbard.com    hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com      *Counsel for Tew LP, Retirement Plan*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*


SO ORDERED:


_____
Lewis A. Kaplan
United Stated District Judge

## EXHIBIT A-15
### TRITON FARMS LLC 401(K) PLAN, CASE NO. 18-CV-09490

**EXECUTION COPY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case no. 18-cv-09490. |

MASTER DOCKET

18-md-2865 (LAK)

## [PROPOSED] CONSENT JUDGMENT

WHEREAS, on June 14, 2018, plaintiff Skatteforvaltningen ("SKAT") commenced this action against defendants Triton Farms LLC 401(K) Plan ("Triton Farms"), Bluegrass Investment Management, LLC ("BGIM"), Bernard Tew, and George Hofmeister and on April 24, 2020, SKAT filed an amended complaint against the defendants (the foregoing collectively hereinafter referred to as the "Action");

WHEREAS, SKAT and defendant BGIM now wish to resolve all the claims SKAT asserted in the Action against BGIM;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon BGIM's consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Consent Judgment is hereby entered in favor of plaintiff SKAT against defendant BGIM in the amount of $366,000 (US); and

2.    Defendant BGIM shall be liable to pay the amount set forth in paragraph 1.

3.    Each party shall bear its own attorneys' fees and costs.

61789524_1

**EXECUTION COPY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment.

Dated:  New York, New York
        June __, 2021

By:_____         By: _____

HUGHES HUBBARD & REED LLP            SEWARD & KISSEL LLP
Marc A. Weinstein                    Mark J. Hyland
Neil J. Oxford                       Thomas Ross Hooper
Dustin P. Smith                      One Battery Park Plaza
One Battery Park Plaza               New York, New York 10004
New York, New York 10004-1482        Tel: (212) 574-1200
Telephone: (212) 837-6000            Fax: (212) 480-8421
Fax: (212) 422-4726                  hyland@sewkis.com
marc.weinstein@hugheshubbard.com     hooper@sewkis.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com       *Counsel for Bluegrass Investment*
                                     *Management, LLC*

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*


SO ORDERED:


_____
Lewis A. Kaplan
United Stated District Judge

61789524_1

**Exhibit B-1**
**Bernard Tew Confession of Judgment**

**EXECUTION COPY**

<u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

I, Bernard V. Tew, being duly sworn, depose and say:

1.        I am defendant in the matters of (i) *Skatteforvaltningen v. Autoparts Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09549-LAK (S.D.N.Y), (ii) *Skatteforvaltningen v. Bluegrass Investment Management, LLC Retirement Plan, & Bernard Tew*, Case No. 1:18-cv-09515-LAK (S.D.N.Y), (iii) *Skatteforvaltningen v. Bluegrass Retirement Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09511-LAK (S.D.N.Y), (iv) *Skatteforvaltningen v. Casting Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09498-LAK (S.D.N.Y), (v)  *Skatteforvaltningen v. Central Technologies Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09507-LAK (S.D.N.Y), (vi) *Skatteforvaltningen v. Industrial Pensions Group Trust, Bluegrass Investment Management, LLC, & Bernard Tew*, Case No. 1:18-cv-09497-LAK (S.D.N.Y), (vii) *Skatteforvaltningen v. JSH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09489-LAK (S.D.N.Y), (viii)  *Skatteforvaltningen v. KRH Farms LLC 401(K) Plan, Bluegrass Investment Management,, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09491-LAK (S.D.N.Y), (ix) *Skatteforvaltningen v. MGH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09439-LAK (S.D.N.Y), (x)  *Skatteforvaltningen v. MSJJ Retirement Group Trust; Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09552-LAK (S.D.N.Y), (xi) *Skatteforvaltningen v. SRH Farms LLC 401(K) Plan, Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeiste*r, Case No. 1:18-cv-09434-LAK (S.D.N.Y), and (xii) *Skatteforvaltningen v.*

*Triton Farms LLC 401(K) Plan; Bluegrass Investment Management, LLC, Bernard Tew & George Hofmeister*, Case No. 1:18-cv-09490-LAK (S.D.N.Y).  I reside in Woodford County, Kentucky and authorize entry of this Confession of Judgment in any court of appropriate jurisdiction.

2.      I hereby confess judgment and authorize entry of judgment against myself in favor of the plaintiff in this Court, for the amount of $33,996,000 (the "Judgment Amount").

3.      I agree that the Judgment Amount shall be set forth in an affidavit to be executed by the plaintiff or an affirmation by such plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment (hereinafter, "Affidavit").

4.      This confession of judgment is for a debt justly due to the plaintiff arising out of the following facts:  I am party with the plaintiff (each individually, a "Party" and collectively, the "Parties") to the Settlement Agreement pursuant to which, among other things, the plaintiff agreed to release me from claims related to applications to reclaim taxes withheld from dividends paid on Danish company shares owned or allegedly owned by certain pension plans between 2012 and 2015, as to which Skatteforvaltningen paid an amount in excess of 217,130,810 Danish Kroner, in return for, among other things, the allowance of the plaintiff's claim in my individual bankruptcy proceeding.

5.      The Parties agree that in the event that my individual bankruptcy proceeding is dismissed, pursuant to Section 4.05 of the Settlement Agreement, the plaintiff is authorized to file this Affidavit and seek immediate entry of judgment for the Judgment Amount set forth in this Affidavit.

6.      This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability.

**EXECUTION COPY**

7.      I hereby consent to the jurisdiction of the state courts of Kentucky, Supreme Court of the State of New York, New York County, Commercial Division, the United States District Court for the Southern District of New York; and/or any other court or tribunal in any other jurisdiction, including any jurisdiction outside the United States, where assets belonging to us may be found.

8.      I hereby consent to and agree to accept service of process related to this matter by regular United States mail at any location at which I reside, or at my place of business, including, without limitation, to DelCotto Law Group PLLC, Attn: Dean Langdon 200 North Upper Street Lexington, KY 40507.

Signed and sworn before me
this 3rd day of June, 2021

_Patricia J Berbrick_
Notary Public

By: _Bernard V. Tew_
Bernard V. Tew

Name: _Patricia J Berbrick_
NOTARY PUBLIC
COMMONWEALTH OF KENTUCKY
_Fayette_ COUNTY
MY COMMISSION EXPIRES: _3-20-2022_
ID# _597 236_

68

**EXECUTION COPY**

**Exhibit B-2**
**Andrea Tew Confession of Judgment**

**EXECUTION COPY**

## AFFIDAVIT OF CONFESSION OF JUDGMENT

I, Andrea B. Tew, being duly sworn, depose and say:

1.     I am a defendant in the matter of *Skatteforvaltningen v. Tew*

*Enterprises, LLC Retirement Plan & Andrea Tew*, Case No. 1:18-cv-09494-LAK

(S.D.N.Y).  I reside in Woodford County, Kentucky and authorize entry of this

Confession of Judgment in any court of appropriate jurisdiction.

2.     I hereby confess judgment and authorize entry of judgment against

myself and in favor of the plaintiff in this Court, for the amount of $2,389,000 (the

"Judgment Amount").

3.     I agree that the Judgment Amount shall be set forth in an affidavit

to be executed by the plaintiff or an affirmation by such plaintiff's attorney, which shall

be attached hereto at the time of entry of this Affidavit of Confession of Judgment

(hereinafter, "Affidavit").

4.     This confession of judgment is for a debt justly due to the plaintiff

arising out of the following facts:  I am party with the plaintiff (each individually, a

"Party" and collectively, the "Parties") to the Settlement Agreement pursuant to which,

among other things, the plaintiff agreed to release me from claims related to applications

to reclaim taxes withheld from dividends paid on Danish company shares owned or

allegedly owned by certain pension plans between 2012 and 2015, as to which

Skatteforvaltningen paid an amount in excess of 15,258,872 Danish Kroner, in return for,

among other things, the allowance of the plaintiff's claim in our individual bankruptcy

proceeding.

**EXECUTION COPY**

5.      The Parties agree that in the event that my individual bankruptcy proceeding is dismissed, pursuant to Section 4.05 of the Settlement Agreement, the plaintiff is authorized to file this Affidavit and seek immediate entry of judgment for the Judgment Amount set forth in this Affidavit.

6.      This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability.

7.      I hereby consent to the jurisdiction of the state courts of the State of Kentucky, the Supreme Court of the State of New York, New York County, Commercial Division, the United States District Court for the Southern District of New York; and/or any other court or tribunal in any other jurisdiction, including any jurisdiction outside the United States, where assets belonging to us may be found.

8.      I hereby consent to and agree to accept service of process related to this matter by regular United States mail at any location at which I reside, or at my place of business, including, without limitation, to DelCotto Law Group PLLC, Attn: Dean Langdon 200 North Upper Street Lexington, KY 40507.

61789524_1

EXECUTION COPY

Signed and sworn before me
this ___ day of _June 2021_

_Patricia J Beberich_
Notary Public

By: _Andrea B Tew_

Andrea B. Tew

Name: _Patricia J Beberich_
NOTARY PUBLIC
COMMONWEALTH OF KENTUCKY
_Fayette_ COUNTY
MY COMMISSION EXPIRES: _3-21-2022_
ID# _597236_

72

61789524_1

**EXECUTION COPY**

**Exhibit B-3**
**Tew LP Confession of Judgment**

61789524_1

## AFFIDAVIT OF CONFESSION OF JUDGMENT

I, Bernard V. Tew, as designated representative and on behalf of Tew Limited Partnership, being duly sworn, depose and say:

1.      The Tew LP Retirement Plan is a defendant in the matter of *Skatteforvaltningen v. Tew, LP Retirement Plan & Vincent Tew*, Case No. 1:18-cv-09492-LAK (S.D.N.Y).  The Tew Limited Partnership is located in Woodford County, Kentucky and authorizes entry of this Confession of Judgment in any court of appropriate jurisdiction.

2.      The Tew Limited Partnership hereby confesses judgment and authorize entry of judgment against itself and in favor of the plaintiff in this Court, for the amount of $2,425,000 (the "Judgment Amount").

3.      The Tew Limited Partnership agrees that the Judgment Amount shall be set forth in an affidavit to be executed by the plaintiff or an affirmation by such plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment (hereinafter, "Affidavit").

4.      This confession of judgment is for a debt justly due to the plaintiff arising out of the following facts:  Tew Limited Partnership was party with the plaintiff (each individually, a "Party" and collectively, the "Parties") to the Settlement Agreement pursuant to which, among other things, the plaintiff agreed to release Tew Limited Partnership from claims related to applications to reclaim taxes withheld from dividends paid on Danish company shares owned or allegedly owned by certain pension plans between 2012 and 2015, as to which Skatteforvaltningen paid an amount in excess of 15,488,992 Danish Kroner, in return for, among other things, the allowance of the plaintiffs claim in our individual bankruptcy proceeding.

74

**EXECUTION COPY**

5.      The Parties agree that in the event that the Tew Limited Partnership bankruptcy proceeding is dismissed, pursuant to Section 4.05 of the Settlement Agreement, the plaintiff is authorized to file this Affidavit and seek immediate entry of judgment for the Judgment Amount set forth in this Affidavit.

6.      This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability.

7.      Tew Limited Partnership hereby consents to the jurisdiction of the state courts of the State of Kentucky, Supreme Court of the State of New York, New York County, Commercial Division, the United States District Court for the Southern District of New York; and/or any other court or tribunal in any other jurisdiction, including any jurisdiction outside the United States, where assets belonging to us may be found.

8.      Tew Limited Partnership hereby consents to and agree to accept service of process related to this matter by regular United States mail at any location at which it resides, and at its place of business, including, without limitation, to DelCotto Law Group PLLC, Attn: Dean Langdon 200 North Upper Street Lexington, KY 40507.

61789524_1

**EXECUTION COPY**

Signed and sworn before me
this 2ⁿᵈ day of June, 2021

_Patricia J Berbench_
Notary Public

By: _Bernard V. Tew_
Bernard V. Tew

Name: _Patricia J Boborich_
NOTARY PUBLIC
COMMONWEALTH OF KENTUCKY
_Fayette_ COUNTY
MY COMMISSION EXPIRES: _3-21-2022_
ID# _587736_

76

61789524_1