UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

| | |
|---|---|
| TEW LIMITED PARTNERSHIP | CASE NO. 20-51079 |
| DEBTORS IN POSSESSION | CHAPTER 11 |

**AGREED ORDER FOR ADDITIONAL ADEQUATE PROTECTION**

The Debtor, Tew Limited Partnership ("Tew") and creditor Equinox Inc. ("Equinox") (collectively, the "Parties"), being in agreement to the terms hereof, it is AGREED, ORDERED, STIPULATED AND ADJUDGED AND THE COURT HEREBY FINDS as follows;

1. <u>JURISDICTION AND VENUE:</u>   The Court has jurisdiction over this Chapter 11 case and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>CORE PROCEEDING:</u>   This matter constitutes a core proceeding as defined in 28 U.S.C. § 157(b) (2) (A), (E), (K), (M) and (O).

3. <u>RECITALS.</u>   The Parties stipulate and acknowledge the following:

    a.   The Court previously entered an Agreed Order For Turnover And Adequate Protection which was agreed to by Tew, Equinox, and Madison Street LLC (the "Turnover Order") (Docket No. 43). The Turnover Order recognized and preserved Equinox's lien rights in the Horses (as defined in the Turnover Order). The continued use and possession of the Horses may result in a decline in their value, impacting the value of Equinox's collateral.

    b.   Subsequently, Tew proposed a Subchapter V Small Business Plan of Reorganization ("Plan") (Docket No. 46).  Tew and Equinox negotiated proposed Plan treatment

for Equinox's claim, which called for certain payments, including but not limited to payments on each of January 30, 2021, April 30, 2021 and July 30, 2021 in the amount of $5,000.00. The proposed Plan has not been confirmed and the confirmation hearing has been continued.

    c.    Upon being requested to provide consent to continue the confirmation hearing, Equinox requested, as a condition of its consent, that the above-described payments be made as scheduled as additional adequate protection to the extent that the confirmation hearing was continued beyond the respective payment dates, and Tew agreed to do so. The Parties entered into an Agreed Order to obtain Court's approval for such additional adequate protection payments pursuant to 11 U.S.C. § 363(e) (Docket No. 84). Pursuant to said Agreed Order, the Debtor made three periodic payments to Equinox, Inc., each in the amount of $5,000.00, as additional adequate protection to Equinox, Inc.

    d.    The Parties negotiated proposed Plan treatment of Equinox's claims, which was tendered to the Court as a component of the Debtor's proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtor's Subchapter V Small Business Plan of Reorganization (Docket No. 111, section III(6)), which contemplated commencement of further distributions toward Equinox's claims commencing not later than September 1, 2021. The proposed Plan has not been confirmed and the contemplated September 1, 2021 distribution has not been made.

    The parties being in agreement, and the Court being otherwise sufficiently advised, it is hereby ORDERED as follows:

    1.    The Agreed Order For Turnover And Adequate Protection (Docket No. 43) shall remain in full force and effect except as modified and supplemented in this Agreed Order For Additional Adequate Protection.

    2.    The Debtor shall make a payment to Equinox, Inc. on or before October 15, 2021

in the amount of $5,000.00 as additional adequate protection to Equinox, Inc.  In addition to the October 15, 2021 payment provided for herein, the pertinent sentence of the negotiated proposed Plan treatment of Equinox's claims (Docket No. 111, section III(6)) shall be modified to provide that "The Class 5 Claim shall be paid as follows: a payment of $40,000.00 on or before January 1, 2022; a payment of $40,000.00 on or before January 1, 2023; and a payment of $35,000.00 on or before January 1, 2024."

3. If no objections are filed within fourteen (14) days of entry of this Order, this Order shall become final.  If any objections are filed within fourteen (14) days of this Order, they shall be set for hearing at the next available motion docket of the Court.

**TENDERED BY:**

/s/ Douglas T. Logsdon
MCBRAYER PLLC
KY Bar No. 87802
201 East Main St., Suite 900
Lexington, Kentucky 40507
(859) 231-8780
dlogsdon@mcbrayerfirm.com
COUNSEL FOR EQUINOX, INC.

**HAVE SEEN AND AGREED:**

/s/ Dean Langdon      (per email authorization)
DELCOTTO LAW GROUP PLLC
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION